IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STACY RAWLS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-1020 |
| ) | |
| EMPOWER BRANDS FRANCHISING, ) | |
| LLC, f/k/a Lynx Franchising, LLC, ) | |
| ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**NOTICE OF REMOVAL**

Defendant, Empower Brands Franchising, LLC. ("Defendant" or "EBF"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, removes to this Court a civil action instituted in the Circuit Court of the County of Henrico, Virginia which is styled *Stacy Rawls v. Empower Brands Franchising, LLC., f/k/a Lynx Franchising, LLC*, Case No. CL25008650-00 ("the Civil Action"). In support of this Notice of Removal, EBF states as follows:

**The Civil Action**

1. Ms. Rawls initiated the Civil Action by filing a Complaint against EBF in the Circuit Court of the County of Henrico on November 25, 2025. The summons and complaint, which are the only pleadings received by EBF, are attached as **Exhibits 1-2**.

2. On November 24, 2025, EBF's registered agent was served with a summons and a copy of the complaint. A copy of the registered agent's correspondence notifying EBF of the filing is attached as **Exhibit 3**.

**Diversity Jurisdiction**

#10350432v1

3. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States."

5. In the Civil Action, Ms. Rawls alleges that EBF unlawfully discriminated against her in violation of the Virginia Human Rights Act, codified as amended at Virginia Code § 2.2-3900 *et seq*, when it terminated her employment. Exhibit 1 ¶¶ 24-37.

6. Ms. Rawls seeks $75,000 in compensatory damages and lost wages, plus attorney's fees and costs, all of which are authorized forms of relief under Virginia Code § 2.2-3909. Exhibit 1 at 5 (Plaintiff's Prayer for Relief).

7. Virginia Code § 2.2-3909(E) provides the presiding court the authority and discretion to "award reasonable attorney fees and costs…." Va. Code Ann. § 2.2-3909(E). Because the statute allows for the recovery of attorney's fees, they "are properly considered in the amount-in-controversy calculation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013).

8. Where a plaintiff seeks attorney's fees in addition to a stated amount, the Court should use its "experience and common sense" to determine whether the attorney's fees will exceed the difference between $75,000 and the claimed amount. *Francis*, 709 F.3d at 368. However, Ms. Rawls has already claimed compensatory in the amount of $75,000, without consideration of attorney's fees or costs. In addition, she has advanced a lost wage claim and her annualized wages while employed at EBF were approximately $53,000 per year, meaning her lost

wage claim would be at least that much given that her last date of employment was allegedly July 19, 2024.  *See* Exhibit 1 ¶ 23.

9. Given that the nature of Ms. Rawls's claim will implicate the involvement of multiple witnesses, including her former supervisor, her former coworkers, and other company personnel, all of whom are likely to be deposed; and given that the litigation is likely to include contested issues over whether Ms. Rawls was terminated because of her sex and whether EBF intentionally refused to provide her with additional work because of her pregnancy, experience and common sense suggest that the attorney's fees likely to be incurred by Ms. Rawls will be significant.[1]  *Id.* at 368; *see also Riley v. Liberty Mut. Grp.*, 591 F. Supp. 3d 29, 37 (E.D. Va. 2022) (concluding that "common sense and experience suggest" that attorney's fees, when added to claimed damages, would exceed $75,000).

10. Therefore, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1446(c).

11. In the Complaint, Ms. Rawls is alleged to be domiciled in North Carolina.  *See* Exhibit 1 ¶ 1.

12. In the Complaint, EBF is alleged to be a Delaware limited liability company with its principal office located in Henrico County, Virginia.  Exhibit 1 ¶ 2.

13. As a result, the Civil Action is between citizens of different states.

14. Consequently, this Court has original jurisdiction over the Civil Action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, the Civil Action may be removed to this Court pursuant to 28 U.S.C. § 1441.

---

[1] For example, at $250.00 per hour, it would take only 100 hours before Ms. Rawls incurs $25,000 in attorney's fees.

**Timely removal**

15.   Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed with this Court within 30 days after EBF was served with a copy of the Complaint. Pursuant to 28 U.S.C. § 1446(c)(1), this Notice of Removal is being filed with this Court less than one year after the commencement of the Civil Action.

16.   EBF has not filed any pleadings with the Circuit Court, other than its Notice of Filing A Notice of Removal (**Exhibit 3**), and the Circuit Court has not entered any orders in the Civil Action relating to any litigating position(s) raised by EBF.

17.   Venue is proper because this judicial district and division embraces Henrico County, Virginia, where the Civil Action is pending.

**WHEREFORE,** Empower Brands Franchising, LLC., hereby removes the Civil Action from the Circuit Court of the County of Henrico.

Dated: December 15, 2025                Respectfully submitted,

**EMPOWER BRANDS FRANCHISING, LLC,**

By: _____/s/_____
Michael D. Pierce (VSB No. 89768)
Kara Yi Lin White (VSB No. 101846)
O'HAGAN MEYER LLP
411 East Franklin Street, Suite 500
Richmond, VA 23219
Tel: (804) 403-7100
Fax: (804) 403-7110
mpierce@ohaganmeyer.com
kwhite@ohaganmeyer.com

*Counsel for Empower Brands Franchising, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of December, 2025, I served a copy of the foregoing via email and first-class mail, postage prepaid, on the following:

>Gregory William Klein, Esquire
>KLEIN, ROWELL & SHALL, PLLC
>1294 Diamond Springs Road
>Virginia Beach, VA  23455
>Tel.: 757-432-2500
>Fax: 757-432-2100
>Email: Greg@KRSLaw.com
>
>*Counsel for Plaintiff*

                                       _____/s/_____
                                       Michael D. Pierce, Esq. (VSB No. 89768)